## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
WALBERT TRUCKING, INC.                    )
                                          )        CASE NO.  14-11001(1)(11)
_____ Debtor(s)       )

### <u>MEMORANDUM-OPINION</u>

This matter is before the Court on the Motion of Creditor Premier Trailer Leasing, Inc. ("Premier") to Treat its Post-Petition Claim as an Administrative Claim.  The Court considered the Motion of Premier, the Objection to Premier's Motion filed by Debtor Walbert Trucking, Inc. ("Debtor"), the comments of counsel at the hearing held on the matter and the post-hearing briefs and Affidavits filed by the parties.  For the following reasons, the Court will **DENY** the Motion of Premier to have its post-petition claim treated as an administrative claim.

### <u>FACTS</u>

Between 2012 and 2014, Debtor leased approximately 120 trailers from Premier.  Debtor defaulted on payments owed to Premier.  In May 2014 Premier filed suit against Debtor in Barren Circuit Court to recover sums due under the defaulted leases and to secure return of the trailers. Debtor returned all but 15 of the trailers by August 2014.  Despite its best efforts to locate the missing trailers, Debtor was only able to locate and return two more of the trailers.  Debtor filed police reports on four more of the missing trailers but due to the last known location of the remaining missing trailers, Debtor was unable to file police reports because they had to be done in person.

On September 20, 2014, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.  On the date the Petition was filed, Debtor was not using any of Premier's trailers.

On November 4, 2014, Premier filed a Motion for Stay Relief to allow jurisdiction in the Barren Circuit Court to pursue efforts to locate and recover the leased trailers.

On November 19, 2014, Debtor filed a Motion to Reject the Premier Leases *nunc pro tunc* to the date of the Petition.

On January 23, 2015, following the filing of additional briefs and affidavits, and a hearing, the Court entered an Order granting Premier's Motion for Stay Relief.  Also, on January 23, 2015, the Court entered an Order granting the Debtor's Motion to Reject the Premier Leases, although the Order did not refer to the requested *nunc pro tunc* relief regarding the effective date of the rejection of the  leases.

On March 9, 2015, Premier amended its Proof of Claim to assert an additional claim of $174,596 in rejection damages.  This amount consisted of $21,477.97 for post-petition rentals, plus $153,123.21 in damages for the unreturned trailers.

## LEGAL ANALYSIS

Premier requests an Order approving the post-petition portion of its claim in the amount of $174,596.18 as an administrative claim pursuant to 11 U.S.C. § 503(b).  The statute provides, in pertinent part,

> After notice and a hearing, there shall be allowed administrative expense, . . . including . . . the actual, necessary costs and expenses of preserving the estate.

11 U.S.C. § 503(b)(1)(A). To qualify as an "actual, necessary" administrative expense, a debt must have arisen from a post-petition transaction with the debtor and have directly and substantially

benefitted the estate.  *In re Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997).  A two-part analysis is used to meet this test and has been stated as follows:

> [A] debt qualifies as an actual, necessary administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate.  The benefit to the estate test limits administrative claims to those where the consideration for the claim was received during the post-petition period.

*Id.* at 816.

The party claiming entitlement to an administrative expense has the burden of proof by a preponderance of the evidence.  *In re HNRC Dissolution Co.*, 396 B.R. 461, 475 (B.A.P. 6th Cir. 2008).  Important to the case at bar, the focal point of the allowance of such a claim is to prevent unjust enrichment of the estate, not to compensate the creditor for the loss sustained by the creditor. *In re Globe-Metallurgical, Inc.*, 312 B.R. 34, 40 (Bankr. S.D. N.Y. 2004).

Using the above guiding principles, Premier failed to prove it is entitled to have any portion of its claim classified as administrative claim status.  First, Debtor's obligation to Premier arose from the contracts for the lease of the trailers.  It is undisputed that all of the leases between Debtor and Premier were entered into pre-petition, and thus none of the leases involved contracts executed post-petition.

Next, it is also undisputed that Debtor did not use any of the trailers subject to the leases executed pre-petition during the post-petition period.  Premier has not claimed the Debtor was unjustly enriched through the use of Premier's trailers post-petition.  Rather, Premier's claim is designed to compensate Premier for the loss of the rentals to trailers leased to Debtor pre-petition but not used by the Debtor post-petition.  There was no benefit to the estate and Premier cannot

prove its entitlement to an administrative claim.  There was no unjust enrichment of the Debtor since it did not have use of the trailers post-petition.

Premier contends that since the Court's Order granting Debtor's Motion to Reject the Premier Leases did not contain language granting the rejection *nunc pro tunc* to the date of the Petition, that it is entitled to rentals from the date of the Petition until the Order rejecting the Leases was entered.  However, this argument must fail as a matter of law, since the leases were never assumed and were in fact rejected.

Under 11 U.S.C. § 365(d)(5), a debtor's obligations under an unexpired lease of personalty must be performed after 60 days after the order for relief is entered in a Chapter 11 case, until the lease is assumed or rejected notwithstanding § 503(b)(1), unless the court orders otherwise.  In the case at bar, Debtor did not have possession of, nor did it use, the trailers post-petition and the Court never entered an Order requiring the Debtor to pay for the trailers during the post-petition time frame.  Also, Debtor never assumed the Premier leases prior to the date the Plan was confirmed or the leases were rejected.  Thus, under 11 U.S.C. § 365(g)(1), once the Order granting Debtor's Motion to Reject the Premier Leases was entered, any breach of the leases was deemed, as a matter of law to have occurred "immediately before the date of the filing of the petition."  Therefore, any claim of Premier related to breach of the trailer leases related back to the date of the petition and is treated as a pre-petition claim.  Therefore, Premier's claim for administrative status for the post-petition time frame must fail as a matter of law.

4

## CONCLUSION

For all of the above reasons, the Motion of Creditor Premier Trailer Leasing, Inc. to treat its post-petition claim as an administrative claim is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 16, 2015

5

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
WALBERT TRUCKING, INC.                )
                                      )          CASE NO.  14-11001(1)(11)
_____Debtor(s)    )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Creditor Premier Trailer Leasing, Inc. to treat its post-petition claim as an administrative claim, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 16, 2015